NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| PENTWATER EQUITY OPPORTUNITIES MASTER FUND LTD, et al., <br><br> Plaintiffs, <br><br> v. <br><br> VALEANT PHARMACEUTICALS INTERNATIONAL, INC., et al., <br><br> Defendants. | Civil Action No. 17-7552 (MAS) (LHG) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on three partial motions to dismiss filed in the above matter.[1] Plaintiffs opposed (ECF No. 63) and Defendants (except Pearson)[2] replied (ECF Nos. 65 and 66). The Court has carefully considered the parties' submissions and decides the matter without oral argument pursuant to Local Civil Rule 78.1. For the reasons set forth below, Defendants' partial motions to dismiss the Section 18 claims are DENIED.

---

[1] The motions currently pending before the Court are:
1. Partial Motion to Dismiss by Valeant Pharmaceuticals International, Inc., Robert Rosiello, and Ari S. Kellen (ECF No. 52).
2. Partial Motion to Dismiss by Howard B. Schiller (ECF No. 53).
3. Partial Motion to Dismiss by J. Michael Pearson (ECF No. 54).

[2] Pearson did not submit his own briefing and instead relied upon the memorandum of law submitted by Valeant. (Notice of Mot., ECF No. 54.)

I.  **Background**

These are direct actions arising out of the same facts and circumstances as the class action currently pending before the Court under docket number 15-7658 ("Class Action"). The Court assumes the parties' familiarity with the underlying facts and recites the facts only to the extent necessary to decide the three instant motions.

Plaintiffs allege that Valeant Pharmaceuticals International, Inc. ("Valeant") and certain executives, namely, J. Michael Pearson ("Pearson"),[3] Howard B. Schiller ("Schiller"),[4] Robert L. Rosiello ("Rosiello"),[5] Deborah Jorn ("Jorn"),[6] Ari S. Kellen ("Kellen"),[7] and Tanya Carro ("Carro")[8] (collectively, "Valeant Defendants") engaged in a "fraudulent scheme . . . to use a secret pharmacy network, deceptive pricing and reimbursement practices, and fictitious accounting" to "artificially inflate the Company's revenues and profits." (Compl. ¶ 1, ECF No. 1.)

Specifically, Plaintiffs allege that Valeant "hid from investors the Company's clandestine network of controlled pharmacies and other deceptive practices that were the true drivers of Valeant's purported growth and which exposed the Company to massive risks." (Id. ¶¶ 1, 5-9, 13,

---

[3] Pearson served as Valeant's CEO and a director of the company from 2008 through May 3, 2016, and Chairman of the Board of Directors from March 2011 to January 2016. (Compl. ¶ 25, ECF No. 1.)

[4] Schiller served as Valeant's CFO and as an Executive Vice President ("EVP") from December 2011 to June 30, 2015. Schiller was also a member of Valeant's Board of Directors from September 2012 until June 2016. (Id. ¶ 26.)

[5] Rosiello served as Valeant's CFO and as an EVP beginning in July 2015. (Id. ¶ 27.)

[6] Jorn was a Valeant EVP and Company Group Chairman from August 2013 until March 2, 2016. (Id. ¶ 28.)

[7] Kellen served as an EVP and Company Group Chairman beginning January 1, 2014. (Id. ¶ 29.)

[8] Carro served as Valeant's Corporate Controller. (Id. ¶ 30.)

140, 142.) According to Plaintiffs, Defendants' misrepresentations and material omissions artificially inflated Valeant's stock price to over $260 per share. (*Id.* ¶¶ 431-32.) Plaintiffs allege that once "Defendants' false and misleading statements and omissions were revealed to the market . . . the price of Valeant stock declined precipitously, ultimately closing as low as $24 per share on June 7, 2016." (*Id.*) Plaintiffs claim that they relied on Defendants' misrepresentations and material omissions in purchasing Valeant stock between September 28, 2015 and August 10, 2016, and suffered damages once the artificially inflated stock price corrected for Defendants' fraud. (*Id.* ¶¶ 23, 461.)

On these facts, Plaintiffs claim that: (1) all Defendants violated Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b-5 promulgated thereunder; (2) Valeant, Pearson and Schiller violated Section 18(a) of the Exchange Act, 15 U.S.C. § 78r ("Section 18"); and (3) Valeant, Pearson, Schiller, and Rosiello violated Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a). (Compl. ¶¶ 476-97.)

Valeant, Pearson, and Schiller move to dismiss the Section 18 claim as time-barred. Plaintiffs respond that the Sarbanes Oxley Act of 2002 ("SOX") applies to and increases the limitations period of Section 18 and, therefore, the claims are timely.

## II. **Legal Standard**

When analyzing a Rule 12(b)(6) motion, district courts conduct a three-part analysis. First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Second, the court must accept as true all of a plaintiff's well-pleaded factual allegations and construe the complaint in the light most favorable to the plaintiff. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). The court, however, must disregard any conclusory allegations proffered in the complaint. *Id.* at 210-11. Finally, the

3

court must determine whether the "facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679).

### III. Discussion

Under Section 18, a claim must be filed within one year after the discovery of the facts constituting the cause of action and within three years after the cause of action accrues. 15 U.S.C. § 78r(c). In 2002, Congress enacted SOX, which provides a two-year statute of limitations and a five-year statute of repose for private rights of action involving claims of "fraud, deceit, manipulation, or contrivance in contravention of a regulatory requirement concerning the securities laws . . . of the Securities Exchange Act of 1934." 28 U.S.C. § 1658(b).

The *Pentwater* Plaintiffs filed their Complaint on September 27, 2017, for purchases of Valeant common stock that occurred between September 28, 2015 and August 10, 2016. (Compl. ¶ 23.) Defendants argue that under Section 18, Plaintiffs had until August 10, 2017, exactly one year after the date that the alleged fraud was revealed, to file the instant action. (Valeant's Moving Br. 2-4, ECF No. 52.) Plaintiffs respond that SOX extends the time to file a Section 18 claim to within two years of when a Section 18(a) violation is discovered. (Pls.' Opp'n Br. 3-6, ECF No. 63.)

In *Lord Abbett Investment Trust-Lord Abbett Short Duration Income Fund v. Valeant Pharmaceuticals International, Inc.*, Civ. No 17-6365, 2018 WL 3637514 (D.N.J. July 31, 2018) ("*Lord Abbett*"),[9] this Court considered similar arguments on the limitations period for the Lord Abbett Plaintiffs' Section 18 claim against almost all of the same Defendants in the present

---

[9] The *Lord Abbett* decision also resolved the pending motions in *The Boeing Company Employee Retirement Plans Master Trust and The Boeing Company Employee Savings Plans Master Trust v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-7636 and *Public Employees' Retirement System of Mississippi v. Valeant Pharmaceuticals International, Inc.*, Civ. No. 17-7625.

action.[10] In the Court's Memorandum Opinion, the Court adopted the Second Circuit's ruling in *Dekalb County Pension Fund v. Transocean Ltd.*, 817 F.3d 393, 407 (2d Cir. 2016), and found that SOX's expanded limitations provision applies to Section 18 claims. *Lord Abbett*, 2018 WL 3637514, at *8.

The Court applies the same analysis here. Applying the SOX extended limitations period, therefore, the Section 18 limitations period would have expired in August 2018. As Plaintiffs filed the lawsuit on September 27, 2017, the Court finds that the Section 18 Claims are timely. Defendants' motions, therefore, are denied.

## IV. Conclusion

For the reasons set forth above, Defendants' Partial Motions to Dismiss the Section 18 claims are **DENIED**. An Order consistent with this Memorandum Opinion will be entered.

s/ Michael A. Shipp<br>
**MICHAEL A. SHIPP**<br>
**UNITED STATES DISTRICT JUDGE**

Dated: September 14, 2018

---

[10] Plaintiffs in *Lord Abbett* did not bring claims against Jorn.

5